W. N. HARDIN v. C. W. McKNIGHT et al.

[64 South. 965.]

BANKS. Action against directors. Demand on receiver.

A declaration which avers that plaintiff was a depositor of a bank
and that defendants were directors of said bank and wilfully
and negligently failed to perform their duties as directors and
failed, neglected and refused to supervise the business of the
bank, and that because of the directors' negligent failure and
refusal to perform their duties, the bank had become insolvent
and a receiver had been appointed to wind up its affairs and in
consequence, plaintiff lost his claim against the bank, is demur-
rable because it does not allege that the receiver of the bank
had been requested to bring suit and had refused to do so.

APPEAL from the circuit court of Tishomingo county.
HON. J. H. MITCHELL, Judge.

Suit by W. N. Hardin against C. W. McKnight and
others.

From a judgment sustaining a demurrer to plaintiff's
declaration, plaintiff appeals.

Appellant was plaintiff in the court below, and appel-
lees were defendants. Plaintiff filed a declaration in the
circuit court, alleging that defendants, who were direct-
ors of a banking institution, had knowledge of its insol-
vency and allowed him to make deposits in said bank,
which soon afterwards was declared insolvent and placed
in the hands of a receiver, thus causing plaintiff to lose
a large amount of money.

The defendant pleaded the general issue and filed sev-
eral special pleas, which were in effect that a receiver
had been appointed, and that he had brought suit for the
creditors, and that the receiver alone had authority to
bring this suit. Plaintiff moved to strike out defend-
ants' pleas, the motion was overruled, and plaintiff next
demurred to defendants' pleas, and the court overruled

the demurrer. Counsel for defendants then moved the court to extend plaintiff's demurrer back to his declaration, and the court sustained the motion, and plaintiff appealed.

*Lamb & Warriner,* for appellant.

The principle contended for in this case is, whether or not a depositor of a bank has the right to sue individually the directors of the bank for their neglect of duty and recover from them the amount of his deposit which he lost because of the neglect of duty on the part of the directors of the bank. The trial judge held that an individual could not maintain a suit of this kind, but that the receiver should bring a suit for the benefit of all of his depositors. We do not agree with this holding of court and think that the appellant in this cause has a perfect right to maintain this action and recover from the directors because of their neglect of duty.

We think the case at bar falls within the principal announced by this court in the case of *Blumer* v. *Ulmer et al.,* 44 So. 161, and while the declaration in the case at bar does not use the word deceit, it does clearly appear however that it was the deceit on the part of the directors in allowing the bank to continue to run, which caused the appellant to lose his money. The court in the last-cited case says as follows: "It seems to be a suit brought by the depositors for fraudulent deceit practiced upon them by the directors of the company in inducing complainants to make their deposits. The bill asserts a cause of action subsisting immediately in the hands of the complainant, and not a cause of action subsisting in the right of the corporation. And the complainants so place their case before this court." *Blumer* v. *Ulmer et al.,* 44 So. 161.

We have the principle contended for in this case sustained by this court in the case of *Wolfe* v. *Simmons,* 75 Miss. 540, in which the court said as follows: "The bank

failed some time in January following, without having paid H. Wolfe & Company, the contents of the draft, and they brought this suit against the directors of the bank, individually, to recover the same. The cause of action, as contained in the written statement of it filed before the justice of the peace, is not certain and definite yet the evidence given, and that offered, but rejected by the court, discloses a purpose on the part of the plaintiff to charge the directors of the bank on the ground of fraud. The plaintiffs offered to prove that the bank was insolvent to the knowledge of the directors, and that some of the directors had misappropriated the assets of the bank; to show whether regular meetings of the directors of the bank had been held, and the character of the supervision given by the directors to the concerns of the bank; to show the state of the account between Gidwitz and the bank, and other like evidence, all of which was excluded." *Wolfe* v. *Simmons, et al.,* 75 Miss. 539; *Solomon* v. *Bates,* 54 Am. St. 730, 731; 1 Morse on Banking, sec. 138; 17 Am. & Eng. Ency. of Law, 109; *Delano* v. *Case,* 121 Ill. 247, 2 Am. St. Rep. 81; *Seale* v. *Baker,* 8 Am. St. Rep. 592; *Marshall* v. *Farmers & Mechanics Savings Bank of Va.,* 2 L. R. A. 534.

*J. E. Berry,* for appellees.

The first proposition, viz.: that the receiver had authority to bring this action, is too well recognized to be questioned or to require citation of authorities. We pass therefore to the second proposition, which is the bone of this contention. Under the averments of plaintiff's declaration, did the authority to bring this action lie solely within the receiver?

In 34 Cyc. under Receivers, page 388, the general rule is laid down as follows: "The general rule is that a receiver takes the rights, causes and remedies which were in the corporation . . . whose receiver he is, or which were available to those whose interests he was appointed to represent."

Subsequently on page 403 referring to the above rule, it says: ''Following the rules above ·stated, a receiver, who for the purpose of litigation, succeeds to the rights of a party to the suit in which the appointment is made, alone can sue to enforce such rights; the right to reach the assets of an insolvent being in a receiver, it is to be exercised by him and not by the creditors or stockholders, unless the receiver has refused to sue, and the court will restrain an interference with the receiver's rights in this respect.''

In support of this rule we cite 2 Thompson on Corporations, sec. 1316, where it is said: ''It is now practically everywhere conceded that the receiver succeeds to the title of the corporation, and whatever rights it may have asserted against its unfaithful directors, such receiver may also enforce against them. . . . A receiver of an insolvent corporation succeeds to the title of the property and rights of action of the corporation when so invested by statute or by decree of the court appointing him, and is the proper party to a suit to enforce them by legal proceedings. If a right of action against the directors exists in favor of the corporation, this action is prosecuted in the name of the receiver. The rule in Federal courts is that the receiver of an insolvent national bank may enforce, for the benefit of the stockholders, creditors, or depositors, any liability of its directors for nonperformance or negligent performance of their duties.''

In 3 Cook on Corporations, section 735, it is specifically stated that a simple creditor may not institute a suit to make officers account for fraudulent or *ultra vires* acts; and subsequently, in section 740, it is said that before any suit is brought against the directors for fraudulent or negligent acts of the directors, request must first be made of the receiver, and if he refuse or fail so to do, suit may be brought by a creditor who must allege these facts in his bill of complaint. This is the exact holding

in the case of *Porter* v. *Sabin*, 149 U. S. 473, and in *Flynn* v. *Brooklyn R. R. Co.*, 158 N. Y. 493.

Counsel for appellant especially relies on the case of *Blumer* v. *Ulmer*, 44 So. 161, and *Wolfe* v. *Simmons*, 75 Miss. 539.

As for the case of *Wolfe* v. *Simmons*, referred to above, on which counsel so strongly relies, we have but to call the court's attention to the fact that there the court was passing upon a rule of evidence, while here we are considering a question of pleading. The cases are in no sense parallel. In the Wolfe case no court of equity had obtained jurisdiction, and therefore the creditors were in no way prevented from pursuing their legal remedies. The opinion in the Wolfe case certainly throws no light on the question here presented. There being no receiver, and no court of equity having taken jurisdiction, the holding in the case of *Wolfe* v. *Simmons*, gave this plaintiff no authority whatever to bring suit, and it settles no question in this case.

Appellant also cites with approval the case of *Solomon* v. *Bates* (N. C.), 54 Am. St. 730, but an examination of that case shows fraud on the part of defendants directly perpetrated upon plaintiff, hence it is not a parallel case to the one at bar, but rather falls into the class of the Plumer case already discussed.

We insist therefore that since the declaration alleges no grounds upon which to bring this suit, then plaintiff has no standing in court. The defendants' pleas must of necessity be construed as absolute bars to plaintiff, since they deny him any right whatever to bring suit, and if they are pleas in bar, then under section 741 of the Code, defendants are not guilty of mispleading. We insist, therefore, that the lower court was correct in overruling plaintiff's motion to strike out defendants' pleas for want of proper pleading, and in view of the authorities cited, we ask that the trial court be sustained.

COOK, J., delivered the opinion of the court.

The declaration in this case avers that appellant was a depositor of the Tishomingo Savings Bank, a corporation doing a general banking business; that appellees were directors of said corporation and "willfully and negligently failed to perform their duties as directors, and failed, neglected, and refused to supervise" the business of the bank; that, because of the directors' negligent failure and refusal to perform their duties, the bank had become insolvent and a receiver had been appointed to wind up its affairs, and in consequence appellant lost his claim against the bank, and therefore plaintiff demands judgment against the directors for the amount of his claim against the bank. There was much pleading unnecessary to set out. In the end, plaintiff demurred to the defendants' pleas, which demurrer was by the court applied to the declaration, and, from the judgment of the court dismissing the cause, this appeal is prosecuted.

The declaration does not aver that the receiver of the bank had been requested to bring this suit and had refused to do so, and, failing in this, the trial court was correct in applying and sustaining plaintiff's demurrer to his own declaration.

*Affirmed.*